UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARET LYNN GERRITY,<br><br>                              Plaintiff,<br><br>         -v-<br><br>LISA DABNEY, MD,<br><br>                              Defendant, | **COMPLAINT**<br><br>Civil Action No. 24-cv-912<br><br>(*Jury Trial Demanded*) |

Plaintiff, MARGARET LYNN GERRITY, by her undersigned attorneys, alleges upon information and belief, except as to allegation numbers 1 and 7-15, as follows:

## PARTIES

1. Plaintiff, MARGARET LYNN GERRITY a/k/a PEG GERRITY (hereinafter "Plaintiff" or "GERRITY") is an individual, who is actively engaged in and engages in the business of creating and licensing medical illustrations, and who resides in Jonestown, Texas.

2. Defendant LISA DABNEY, MD (hereinafter "Defendant" or "Dr. Dabney") is an individual residing in New York, NY. Dr. Dabney is the Director of Urogynecology and Pelvic Reconstructive Surgery at Mount Sinai West and Mount Sinai Morningside and is doing business at Urogynecology Associates, 200 West 57th Street, Suite 1300, New York, NY 10019 within this judicial district.

## JURISDICTION AND VENUE

3. This is a civil action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et. seq.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

1

and 1338.

5. Defendant is subject to the personal jurisdiction of this Court because, among other reasons, she maintains a principal place of business in this judicial district, and a substantial part of the acts of infringement complained of herein occur or have occurred in this judicial district, including that Defendant, through her website https://lisadabney.substack.com/, which promotes her business in New York, NY at the address noted above, caused the unlicensed display of GERRITY's copyrighted illustrations.

6. Venue in the Southern District of New York is proper, pursuant to 28 U.S.C. § 1400 and/or 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS

7. GERRITY was, and still is, a noted and respected professional medical illustrator.

8. GERRITY has been a professional illustrator for more than 30 years creating custom digital illustrations and animations for the healthcare, publishing, and pharmaceutical industries.

9. Prior to the start of her career, GERRITY earned a graduate degree in biomedical visualization from the University of Illinois at Chicago.

10. GERRITY's medical illustration craft is built upon studies of gross anatomy, comparative anatomy, pathology, biology, and artistry.

11. GERRITY started her Medical Illustration career as the sole Medical Illustrator for the Department of Surgery at The University of Chicago Medical Center in 1989.

12. GERRITY has been a professional member of the Association of Medical Illustrators for over three decades.

13. GERRITY is a sole proprietor who does business under her name and "Gerrity Medical Art".

14. GERRITY earns her livelihood from the creation and licensing of her images to permitted third-party licensees for compensation.

15. GERRITY's medical illustration work has appeared in medical malpractice trials, surgical and clinical journals, books, advertising, professional and patient education materials, and medical device marketing and packaging.

## THE COPYRIGHTED WORKS AT ISSUE

16. In 2008, GERRITY created the works entitled "Gerrity 2008 Stubbs Derivative Images 270V, 438B, and 234R" including four illustrations entitled "234R Stress Incontinence & Cures 2008" (hereinafter referred to as the "Subject Images").

17. GERRITY is the sole creator of and holds the copyright in the Subject Images, and duly registered same with the United States Copyright Office as U.S. Copyright Registration No. VA 1-823-387, a copy of which is attached as **Exhibit 1**, effective as of May 18, 2011. The Subject Images are derived from an image entitled "269 Vaginal Prolapse" registered in GERRITY's 2003 U.S. Copyright Registration No. Vav000603897 entitled "Gerrity Stock Images 145-339".

18. GERRITY licensed the Subject Images to Dr. Joe Stubbs for his limited use on his website that promotes, markets, and advertises his business as a clinician and surgeon. The Subject Images were first published by Dr. Stubbs in or about July 2008 and continue to be published on Dr. Stubb's website www.urogynsavannah.com/stress-incontinence/ ("Dr. Stubb's website") with GERRITY's authorization and her copyright notice – "peggerrity.com©"—placed vertically on each of the Subject Images. A screenshot of Dr. Stubb's website showing the Subject Images and copyright notice (circled in red) is attached as **Exhibit 2**.

19. The Subject Images are also available for license on GERRITY's website https://www.peggerrity.com/medical-illustration. A screenshot of GERRITY's website showing

the Subject Images and GERRITY's copyright notice is attached as **Exhibit 3**.

20. GERRITY is known as being the creator of the Subject Images.

21. GERRITY's Subject Images show great and original detail of a medical nature and are of substantial value due to the expertise required to create medical illustrations of a sufficient fidelity for publication in medical journals, including medical knowledge and artistic skill.

22. The Subject Images were/are valuable in the marketplace.

DEFENDANT'S UNAUTHORIZED USE OF GERRITY'S COPYRIGHTED WORK

23. The Subject Images were/are particularly valuable to Dr. Dabney due to the subject matter pertaining directly to her medical practice, business, and advertised specialties at Urogynecology Associates as described in her profile at https://profiles.mountsinai.org/lisa-dabney: "Dr. Dabney is an experienced, board certified urogynecologist, with expertise in the full range of treatment options for urinary incontinence and pelvic-organ prolapse. She is a skilled minimally-invasive surgeon, with special expertise in vaginal surgery for non-cancerous gynecologic problems. The vaginal route avoids incisions on the abdomen, and can be used for removal of fibroids, repair of pelvic organs and their support structures, or hysterectomy in non-cancerous cases."

24. Dr. Dabney has prominently employed two of the Subject Images in her online blog entitled "Women's gynecological health" available on the Internet at https://lisadabney.substack.com/ and more particularly, in an article published thereon entitled "Non-Surgical Treatment of Stress Incontinence" at least since August 8, 2021 (see **Exhibit 4**, at page 2 of 8) (the "Dabney Website") without GERRITY's license, authorization or consent, the full nature of which is unknown to GERRITY without discovery.  Dr. Dabney removed GERRITY's copyright notices from the Subject Images that appear on the Dabney Website.

25. Dr. Dabney selected the Subject Images to include on the Dabney Website.

26. Dr. Dabney copied the Subject Images from Dr. Stubb's website.

27. Dr. Dabney was involved in the publication of the Subject Images on the Dabney Website.

28. Dr. Dabney approved the publication of the Subject Images on the Dabney Website.

29. Dr. Dabney did not obtain a license to use the Subject Images on the Dabney Website for any purpose whatsoever.

30. Dr. Dabney has employed the Subject Images to promote, market and advertise medical treatments, procedures, management, and services offered by her and her Mount Sinai Doctor colleagues at Urogynecology Associates including the treatment of urinary incontinence ("Defendant's Services").

31. Dr. Dabney's patients viewed the Dabney Website, including the Subject Images, prior to or in connection with Defendant's Services.

32. Dr. Dabney's use of GERRITY's Subject Images was/is to promote Dr. Dabney's medical practice for, inter alia, urinary incontinence procedures.

33. The above-described use of GERRITY's Subject Images by Dr. Dabney serves to promote the Dabney Website and Dr. Dabney's economic interests.

34. Dr. Dabney's use of the Subject Images has directly attributed to Dr. Dabney's revenue.

35. Dr. Dabney's use of GERRITY's Subject Images is to increase the revenue, profits, and sales of Dr. Dabney and her Urogynecology Associates practice.

36. Such uses by Dr. Dabney of GERRITY's Subject Images are for the sole economic gain of Dr. Dabney and her Urogynecology Associates practice.

37. Dr. Dabney has benefitted economically from the use of GERRITY's Subject Images via its sales, revenue, and profits.

38. Dr. Dabney's use of the Subject Images has increased exposure of the Subject Images and thus decreased the market value for the Subject Images.

39. Dr. Dabney used the Subject Images on the Dabney Website to illustrate, promote, market, bring attention to, and advertise her business and increase sales and revenue.

40. Dr. Dabney has employed, published, and distributed the Subject Images without GERRITY's license, authorization, or consent.

41. The full nature and extent of all infringing uses by Dr. Dabney of the Subject Images is unknown to GERRITY, as of this writing, said information being within the sole knowledge, custody, and control of Dr. Dabney.

42. The details and information regarding the scope of Dr. Dabney's use of the Subject Images are expected to be ascertained through discovery in this action.

43. The above-described uses of the Subject Images by Dr. Dabney commercially benefit Dr. Dabney and her Urogynecology Associates practice.

44. Dr. Dabney selects and decides which images are employed to promote her medical practice.

45. Dr. Dabney selects and decides which images to use to promote her medical practice without regard to how the images are procured and/or whether a valid license permitting the use of such images has been sought or obtained.

46. Dr. Dabney purposely selected the Subject Images for the above-described uses.

47. Dr. Dabney knew and had actual knowledge that it lacked GERRITY's license, authorization, and consent to use the Subject Images as complained of herein.

48. Dr. Dabney never sought nor obtained a license from GERRITY to use the Subject Images for any purpose, whatsoever.

49. No one on behalf of Dr. Dabney ever sought, or obtained, a license, authorization, or consent from GERRITY to use the Subject Images for any purpose, whatsoever.

50. GERRITY never granted Dr. Dabney any license, authorization, or consent to use the Subject Images for any purpose whatsoever.

51. Dr. Dabney has employed the Subject Images for her own commercial benefit with knowledge that she had not secured a license to do so.

52. Dr. Dabney used the Subject Images for her own economic advantage and to the detriment of GERRITY.

ADDITIONAL FACTS RELEVANT TO ALL CLAIMS

53. Pursuant to Federal Rule 11, GERRITY has sought to obviate judicial intervention and the filing of suit.

54. On October 25, 2023, GERRITY's counsel sent a letter via FedEx to Dr. Dabney regarding her unauthorized uses of GERRITY's Subject Images (hereinafter the "October Letter", a copy of said letter sans its exhibits, which are elsewhere annexed to this Complaint, and the FedEx delivery confirmation on October 27, 2023 are annexed hereto as **Exhibit 5**).

55. Having received no response to the October Letter, on November 16, 2023, GERRITY's counsel sent another letter enclosing the October Letter by USPS, first-class mail to the same address (the "November Letter"). The November Letter was delivered on November 17, 2023 at 11:50 am. Copies of the November letter and the USPS delivery confirmation are annexed as **Exhibit 6**.

56. It appears that as of this writing Dr. Dabney has removed the Subject Images from the Website (see screenshot printed January 29, 2024 annexed as **Exhibit 7**) confirming that she received the October Letter and/or the November Letter. However, as of this writing, GERRITY's counsel has not received any response from Dr. Dabney to the demands in the October Letter.

57.	GERRITY's attempts at a non-judicial resolution of this matter were unsuccessful.

58.	Dr. Dabney has failed to provide compensation to GERRITY for her use of the Subject Images without a license, authorization, or consent, in violation of the exclusive rights granted to GERRITY as the copyright holder.

59.	GERRITY is committed to protecting her copyright in the Subject Images.

60.	Dr. Dabney has no defenses at law to the claims set forth herein.

## FIRST CLAIM FOR RELIEF
Copyright Infringement
Under Sections 501-505 of the Copyright Act

61.	GERRITY repeats and realleges each and every allegation contained in Paragraphs 1 through 60 as if fully set forth herein.

62.	At all relevant times to the present action, GERRITY has owned and/or held exclusive rights and valid copyrights in the Subject Images, which were properly registered in accordance with 17 U.S.C. §§ 408 and 411.

63.	Defendant had access to the Subject Images.

64.	Defendant had knowledge that GERRITY owned and/or held exclusive rights to the Subject Images.

65.	The use of GERRITY's Subject Images by the Defendant in connection with the Dabney Website and Dr. Dabney's services was without GERRITY's authorization, license, or consent.

66.	The aforementioned acts of Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to GERRITY as copyright holder.

67.	*Each* use of GERRITY's Subject Images constitutes a separate and distinct infringement of GERRITY's copyrights.

68. Defendant's use of the Subject Images in violation of GERRITY's copyright was negligent in that Defendant knew or should have known that she was without a license for the uses complained of herein.

69. Defendant had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that GERRITY held the copyright in the Subject Images, that Defendant never had a license, consent, or authorization by GERRITY for the use of GERRITY's Subject Images by Defendant, and that any such use would be in violation of GERRITY's copyright.

70. Defendant's uses of the Subject Images were willful, intentional, malicious, and in bad faith.

71. As a result of Defendant's acts, GERRITY has been and will continue to be damaged in an amount yet to be determined.

72. As a result of Defendant's copyright infringement of GERRITY's Subject Images, GERRITY is entitled to statutory damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, GERRITY, at his election prior to judgment is entitled to recover his actual damages and any additional profits of the Defendant attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

73. GERRITY is similarly entitled to an injunction under 17 U.S.C. 502, permanently enjoining and prohibiting the Defendant from utilizing the Subject Images in any manner.

## SECOND CLAIM FOR RELIEF
Circumvention of Copyright Management Information
Under Sections 1202-1203 of the Copyright Act

74. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 73 as if fully set forth herein.

75. At the time GERRITY created the Subject Images, GERRITY applied copyright management information to the Subject Images consisting of the words "©peggerrity.com" near the bottom or on the sides of the Subject Images. *See* Exhibits 2 and 3.

76. Dr. Dabney, without GERRITY's authority, intentionally removed GERRITY's copyright management information when using unauthorized copies of the Subject Images on the Dabney Website.

77. Dr. Dabney, without GERRITY's authority, has distributed unauthorized copies of the Subject Images knowing that GERRITY's copyright management information has been removed.

78. The aforementioned acts of Dr. Dabney to remove GERRITY's copyright management information constitute a violation of the Copyright Act, 17 U.S.C. § 1202(b).

79. As a result of Dr. Dabney's unauthorized removal of GERRITY's copyright management information, GERRITY is entitled to actual or statutory damages under 17 U.S.C. § 1203(b) and (c).

## JURY DEMAND

80. GERRITY requests a trial by jury of all issues.

**WHEREFORE**, GERRITY demands judgment as against the Defendant as follows:

1) Declaring that Defendant willfully violated Section 501 of the Copyright Act of 1976, as amended (17 U.S.C. § 501) by infringing GERRITY's copyright rights;

2) Declaring that Defendant willfully violated Section 1202 of the Copyright Act of 1976, as amended (17 U.S.C. §1202) by removing Plaintiff's copyright management information;

3) Awarding actual damages incurred as a result of Defendant's infringement(s), and all profits realized as a result of its infringement(s), in amounts to be determined at trial; or in the

alternative, at GERRITY's election, awarding maximum statutory damages in the amount of $150,000, pursuant to 17 U.S.C. § 504, for each separate and distinct act of infringement;

  4) Awarding actual damages incurred as a result of Defendant's unauthorized removal of Plaintiff's copyright management information, and all profits realized as a result of her violation of 17 U.S.C. §§ 1202-1203 in amounts to be determined at trial; or in the alternative, at GERRITY's election, awarding maximum statutory damages pursuant to 17 U.S.C. § 1203, for each separate and distinct violation.

  5) An order of injunction permanently enjoining and prohibiting the Defendant including but not limited to wholly owned subsidiaries and/or affiliates, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of the Subject Images, pursuant to 17 U.S.C. § 502;

  6) Awarding costs and attorneys' fees pursuant to 17 U.S.C. § 505;

  7) Awarding prejudgment and post-judgment interest on all sums due; and

  8) Awarding such other and further relief as this Court may deem just and proper, inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Dated:  February 8, 2024

            Respectfully Submitted,

            */s/ Joshua S. Broitman*
            Joshua S. Broitman
            Roberto L. Gomez
            OSTRAGER CHONG FLAHERTY
            & BROITMAN P.C.
            437 Madison Avenue, 24th Floor
            New York, NY 10022
            Tel: (212) 702-7049

Fax: (212) 681-0300
Email: jbroitman@ocfblaw.com

Edward C. Greenberg
EDWARD C. GREENBERG, LLC
437 Madison Avenue, 24th Floor
New York, NY  10022
Tel: (212) 697-8777
Fax: (212) 697-2528
Email: ecglaw@gmail.com

*Counsel for Plaintiff*